UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN D. PUGH,

    Plaintiff,

v.

Case No. 25-cv-13055
Honorable Linda V. Parker

B SEED ENVIRONMENTAL AFFAIRS
and LINEBARGER GOGGAN
BLAIR AND SIMPSON LLP,

    Defendants.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) FOR PLAINTIFF TO SHOW CAUSE AS TO WHY THE MATTER SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On September 25, 2025, Plaintiff filed a Complaint against Defendants B Seed Environmental Affairs ("B Seed") and Linebarger Goggan Blair and Simpson ("LGBS"). (ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP"). (ECF No. 5.) The Court is granting Plaintiff's application to proceed IFP but, for the reasons discussed below, is ordering him to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction.

In the Complaint, Plaintiff indicates that this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (ECF No. 1 at PageID.3 § II.) Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . ..." 28 U.S.C. § 1332(a).  A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  *Id.* § 1332(c)(1).  Unincorporated entities like LGBS, however, are not like corporations.  Instead, the citizenship of an unincorporated entity "depends on the citizenship of 'all its members.'"  *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (brackets omitted) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citations omitted).  Unincorporated entities "have the citizenship of each partner or member."  *Delay*, 585 F.3d at 1005 (citing *Carden*, 494 U.S. at 187-92).

In the Complaint, Plaintiff indicates that he is a citizen of Washington.  (ECF No. 1 at PageID.4 § II.B.1.)  Plaintiff further indicates that B Seed is incorporated under the laws of the State of Michigan and has its principal place of business in Michigan.  (*Id.* § II.B.2.)  Plaintiff fails to identify the members of LGBS or their citizenship, however.  Moreover, the allegations in the Complaint do not reflect that more than $75,000 is in controversy.

In fact, Plaintiff expressly claims less than $75,000 in damages.  First, he asserts that "[b]oth defendants . . . has [sic] issued a [sic] unconstitutional debt of 3,000 to illegally gain property assets[.]"  (*Id*. at PageID.5 § II.B.3.)  Later, with respect to the

2

relief sought, Plaintiff asserts that he is "seeking . . . 40,000$ in damages to correct the issues caused by incorrect billing[.]" *Id*. at PageID.6 § IV.)

For these reasons, this Court does not appear to have diversity jurisdiction over Plaintiff's Complaint. Plaintiff does list two federal statutes in his pleading: "18 U.S. Code § 1341-frauds and swindles" and "18 USC Ch. 47: fraud and false statements." (*Id*. at PageID.4 § II.A.) These are criminal statutes, however, which do not provide for private civil causes of action. *See Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (stating that "there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001"); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). No other allegations in the Complaint suggest a basis for federal question jurisdiction.

Thus, at this juncture, it appears that Plaintiff's claims belong in a state court.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of this Opinion and Order, Plaintiff shall show cause as to why his Complaint should not be dismissed without prejudice for lack of subject matter jurisdiction.[1]

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

---

[1] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.