UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN D. PUGH,

    Plaintiff,

v.

    Case No. 25-cv-13055
    Honorable Linda V. Parker

B SEED ENVIRONMENTAL
AFFAIRS and
LINBERGER GOGGAN BLAIR SIMPSON LLP,

    Defendants.
_____/

## OPINION AND ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT

On September 25, 2025, Plaintiff filed this lawsuit against Defendants. (ECF No. 1.) In the Complaint, Plaintiff alleges federal subject matter jurisdiction based on diversity. (*See id.* at PageID.3 § II.) On September 30, he filed an application to proceed in forma pauperis ("IFP"). (ECF No. 5.) On October 15, this Court granted Plaintiff's IFP application but ordered him to show cause as to why the lawsuit should not be dismissed for lack of subject matter jurisdiction as the Complaint failed to reflect diversity of citizenship and that the amount in controversy exceeded $75,000. (ECF. No. 6.)

Plaintiff timely responded to the show cause order. (ECF No. 7.) While Plaintiff's response does not resolve all of the Court's concerns regarding diversity

jurisdiction, it does reflect that he is alleging a violation of the Fair Debt Collections Practices Act ("FDCPA"), which would confer federal question jurisdiction under 28 U.S.C. § 1331.  The Court therefore vacated the show cause order.  Nevertheless, the Court is requiring Plaintiff to file an amended complaint because his current pleading does not clearly plead a claim under the FDCPA.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought.  A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id*. (citing *Twombly*, 550 U.S. at 556).

Plaintiff does state in his Complaint that, after receiving blight tickets when the debris from his property was not collected pursuant to Mayor Duggan's citywide free blight removal process, his "personal information was then forwarded to a third party bill collector." (*See* ECF No. 1 at PageID.5.)  However, Plaintiff never mentions the FDCPA, does not identify this third party bill collector

as Defendant Linberger Goggan Blair Sampson, LLP, and does not plainly allege what actions that debt collector took in violation of the FDCPA. Therefore, his current pleading fails to allege a viable FDCPA claim against a named party.

Therefore, **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Rule 8 or this action will be dismissed without prejudice. Plaintiff is again reminded of the assistance available through the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic, as noted in the show cause order.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 20, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 20, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager