UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN D. PUGH,

    Plaintiff,

v.

                                   Case No. 25-cv-13055
                                   Honorable Linda V. Parker

B SEED ENVIRONMENTAL AFFAIRS,
,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE

On September 25, 2025, Plaintiff Damien Pugh, who has been granted leave to proceed in forma pauperis ("IFP"), filed this lawsuit against B. Seed Environmental Affairs ("B. Seed") and Linberger Goggan Blair Simpson LLP ("LGBS"). (ECF Nos. 1, 6.) In the Complaint, Pugh alleged federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*See id.* at PageID.3 § II.) Because Pugh seemed to claim less than $75,000 in damages and failed to allege sufficient facts to establish the citizenship of LGBS, the Court issued an order on October 15, requiring Pugh to show cause as to why the lawsuit should not be dismissed for lack of subject matter jurisdiction. (ECF No. 6.)

Pugh timely responded to the show cause order on October 16. (ECF No. 7.) While his response did not resolve all of the Court's concerns regarding diversity

jurisdiction, it did suggest that Pugh was alleging a violation of the federal Fair Debt Collections Practices Act ("FDCPA"), which would confer federal question jurisdiction under 28 U.S.C. § 1331. The Court therefore vacated the show cause order. Nevertheless, because the original complaint did not clearly plead a claim under the FDCPA, including specifying whether either of the named parties was the alleged debt collector, the Court ordered Pugh to file an amended complaint by November 10. (ECF No. 9.)

Pugh filed an Amended Complaint on October 22. (ECF No. 10.) In this pleading, Pugh no longer names LGBS as a defendant. He does not mention the FDCPA. Nor does he suggest that the only defendant now named, B Seed, had anything to do with the blight tickets for which he claims the attempted collection was done "under false pretenses [sic]." (*Id*. at PageID.37 § III.) While the Amended Complaint suggests that Pugh's citizenship is diverse from B Seed's citizenship, and Pugh claims damages exceeding $75,000, the pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

When a complaint is filed IFP, the district court must conduct a summary review pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997). Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While a reviewing court must liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds Pugh's Amended Complaint subject to dismissal under § 1915(e)(2)(B).

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court is unable to discern from Pugh's Amended Complaint—even when aided by the initial pleading and response to the show cause order—what his claim is (or claims are) against B. Seed, much less whether a viable claim is alleged. The only conduct described in the Amended Complaint that appears to relate to this entity is the failure to notice accumulated trash and blight on Pugh's two properties. Pugh may be claiming that B. Seed was responsible for picking up

the trash and blight pursuant to Mayor Duggan's "citywide free blight removal" program; however, it is unclear how B. Seed is liable to Pugh. Further, it does not appear that there is a sufficient connection between B. Seed's conduct and the alleged injuries for which Pugh is seeking damages here—which seem to be "possible foreclosure" and "incorrect billing." (*See* ECF No. 10 at PageID.37-38.)

For these reasons, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** Pugh's Second Amended Complaint and this action is **CLOSED**. This does not preclude Pugh from refiling the action and proceeding if he is able to cure the deficiencies in his pleading. Toward that endeavor, the Court informs Pugh again of the resources available to pro se litigants in the courthouse. *See* at http://www.mied.uscourts.gov/Pro_Se_Clinic_2019.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 24, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 24, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager